IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS E. NOBLE, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-353-LPS |
| STATE OF DELAWARE, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

### I. BACKGROUND

On April 5, 2017, the Court denied Plaintiff's request to proceed *in forma pauperis*. (*See* D.I. 8) Plaintiff moves for reconsideration on the grounds that his monthly expenses far exceed his monthly income. (D.I. 9) Plaintiff also requests counsel. (D.I. 3)

### II. MOTION FOR RECONSIDERATION

#### A. Legal Standards

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

1

## B. Discussion

The Court denied Plaintiff *in forma pauperis* status based upon his annual income. The Court has again reviewed Plaintiff's application to proceed *in forma pauperis* and the instant motion for reconsideration. Plaintiff contends that his expenses exceed his income. His application to proceed in District Court without prepaying fees or costs states that his home was extensively damaged, has no value, needs repairs, and is not an asset. Plaintiff indicates that he has submitted an insurance claim for damage to his home, but has yet to receive payment based upon his claim. The Court observes that in the application, Plaintiff inflates his monthly expenses by including the total $20,000 home repair cost as a recurring monthly expense, instead of prorating the $20,000 amount over any time-frame. This makes it appear as if Plaintiff's monthly expenses far exceed his income when they do not. Finally, the Court takes judicial notice that Plaintiff sought review by the United States Supreme Court in three cases: Case Nos. 16-7022, 16-7157, and 16-7372. He was denied *in forma pauperis* status in each case on February 21, 2017 and February 27, 2017, and then sought reconsideration which was denied in all three cases on April 17, 2017.

The Court finds that Plaintiff has failed to demonstrate any grounds to warrant reconsideration of the Court's April 5, 2017 Order denying his request to proceed *in forma pauperis*. Therefore, the Court will deny the motion for reconsideration. (D.I. 9)

## III. REQUEST FOR COUNSEL

Plaintiff, who proceeds *pro se* and has been denied leave to proceed *in forma pauperis*, requests counsel on the grounds that he is a disabled veteran senior citizen of limited income, and the "case includes an attack on a state statute and its misuse and has many complex issues too esoteric for a layman to contend with." (D.I. 3)

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any personal unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Here, Plaintiff has been denied *in forma pauperis* status. He does not qualify for counsel under § 1915 and, therefore, the Court will deny the request. (D.I. 3)

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's: (1) motion for reconsideration (D.I. 9); and (2) request for counsel (D.I. 3).

A separate Order will be entered.

Dated: April 28, 2017

UNITED STATES DISTRICT JUDGE