# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS E. NOBLE, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 17-353-LPS |
| STATE OF DELAWARE, et al., | : | |
| Defendants. | : | |

Thomas E. Noble, James T. Vaughn Center, Smyrna, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants State of Delaware, Delaware Attorney General Matt Denn, Deputy Attorney General Abigail R. Layton, and R. Irwin.

**MEMORANDUM OPINION**

November 7, 2017
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Thomas E. Noble ("Plaintiff") filed this action on March 10, 2017 pursuant to 42 U.S.C. § 1983.[1] He proceeds *pro se*, sought and was denied *in forma pauperis* status, and has paid the filing fee.[2] (*See* D.I. 2, 8) Plaintiff was not incarcerated when he commenced this action. His October 11, 2017 letter indicates that he is currently an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware. (*See* D.I. 24) The Court has jurisdiction by reason of a federal question pursuant to 28 U.S.C. § 1331. Presently before the Court are Defendants' motion to dismiss (D.I. 17)[3] and numerous motions filed by Plaintiff (D.I. 18, 19, 22, 25, 26, 27, 28, 29, 30, 31, 33). The Court will grant the motion to dismiss for the reasons discussed below.

## II. BACKGROUND

As noted by the United States Court of Appeals for the Third Circuit, Plaintiff "is a serial litigator. He has filed over five dozen lawsuits in federal district courts, including over 30 complaints in the United States District Court for the District of Delaware." *In re Noble*, 663 F. App'x 188, 189 (3d Cir. Oct. 6, 2016). Here, Plaintiff alleges that Defendants, most of whom are State actors, violated his constitutional rights when he was wrongfully imprisoned from November

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Plaintiff sought reconsideration of the denial of his request to proceed *in forma pauperis*. (D.I. 9) The Court denied the motion for reconsideration. (D.I. 11) He has filed another motion for reconsideration on the same issue and has filed a second motion to proceed *in forma pauperis*. (D.I. 22, 29)

[3] Only four of the sixteen named defendants have been served: the State of Delaware ("the State"), Delaware Attorney General Matt Denn ("Denn"), Deputy Attorney General Abigail R. Layton ("Layton"), and R. Irwin ("Irwin") ("moving Defendants"). It is the served Defendants who move to dismiss the complaint.

1

21, 2013 until April 13, 2016, on allegedly false charges of dealing in child pornography.[4] (D.I. 7) Plaintiff alleges Defendants worked in a common scheme/conspiracy to misuse the State's power on the false charges of dealing in child pornography. Alternatively, he alleges Defendants colluded with other Defendants. Plaintiff also appears to allege that he was defamed. He seeks compensatory damages, an order that the State of Delaware remove all traces of the prosecution and a petty shoplifting charge, and criminal prosecution of Defendants.

The Court takes judicial notice that on January 6, 2014, Plaintiff was indicted on 25 counts of dealing in child pornography. *See State of Delaware v. Noble*, Crim. ID No. 1311014361 (Civ. No. 16-406-LPS at D.I. 1 at 53-54). He was arraigned on February 22, 2014 and pled not guilty. (*See id.*) Plaintiff entered into a plea agreement on April 14, 2016, pursuant to which he pled guilty to one count of dealing in child pornography and the remaining charges were nolle prossed. (D.I. 17 at 8) Defendant Layton represented the State in the case against Plaintiff. (*Id.* at 8-9) Defendant Judge Diane C. Streett ("Judge Streett") entered orders in the criminal matter.

Moving Defendants seek dismissal on the grounds that the complaint fails to state a plausible federal claim against them, it is unclear if Plaintiff seeks to raise supplemental State claims, many of the defendants are immune from suit, and Plaintiff's claims are precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[4]Plaintiff's rambling, 55-page supporting affidavit, containing 28 grounds for relief, which is attached to the Complaint, fails to comply with the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 8(a), a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

2

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* at 358 (quoting *In re Schering Plough Corp. v. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In addition, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. *Id.* at 891. In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *Id.*

### B. Fed. R. Civ. P. 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff

3

must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### C. Court's Inherent Authority

Every Court has the inherent authority to manage the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Also, the Court possesses the inherent power to

4

*sua sponte* dismiss claims against defendants who are immune from suit or where the claims are completely devoid of merit for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. Mar. 12, 2009) (affirming district court's *sua sponte* dismissal of plaintiff's complaint where he had paid filing fees but his claims relied on "fantastic scenarios lacking any arguable factual basis"). Finally, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. \_\_, 136 S.Ct. 1885, 1892 (2016).

## IV. DISCUSSION

### A. *Heck v. Humphrey*

It is evident from his pleadings that Plaintiff challenges his incarceration (*i.e.*, he contends he was wrongfully imprisoned) and seeks compensation for his imprisonment. Plaintiff's sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. June 3, 2011). In addition, Plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 487.

In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of a conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court has explained that, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if

5

success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff entered into a plea agreement and pled guilty to one count of dealing in child pornography. The remaining counts were nolle prossed. Plaintiff has not alleged nor proven that his conviction or sentence was reversed or invalidated as required by *Heck*. Plaintiff's claim for wrongful imprisonment is not cognizable and he cannot recover on the facts before the Court. *See In re Banks* 2017 WL 4708173, at *1 (3d Cir. Oct. 19, 2017) (citing *Heck*, 512 at 486-87) (to recover damages for allegedly wrongful imprisonment, plaintiff must demonstrate that confinement has been found unlawful). Therefore, the Court will grant Defendants' motion to dismiss.[5]

## B. Conspiracy

Plaintiff alleges that Defendants conspired to file false charges against him and/or colluded with other defendants. To state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. V. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *See Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)). A § 1983 conspiracy claim only arises, however, when there has been an actual deprivation of a right. *See Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (recognizing that deprivation of right was necessary predicate to § 1983 conspiracy liability). *Accord Perano v. Township of Tilden*, 2011 WL 1388381 (3d Cir. Apr. 13, 2011).

---

[5] Although dismissal of the complaint is appropriate based solely upon *Heck v. Humphrey*, the Court discusses other grounds for relief.

The Complaint falls short of alleging conspiracy or collusion. Instead, it contains a litany of the events that took place in Plaintiff's criminal case which culminated in his entry of a guilty plea. The motion to dismiss the conspiracy/collusion claims will be granted.

C.  **Immunity**

Moving Defendants seek dismissal based upon their immunity from suit. The State is immune from suit under the Eleventh Amendment. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (Eleventh Amendment of United States Constitution protects unconsenting state or state agency from suit brought in federal court by one of its own citizens, regardless of relief sought). Denn[6] and Layton have prosecutorial immunity as to the claims raised against them. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutors acting within the scope of duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983). Irwin, who testified at Plaintiff's trial, is immune from suit. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony); (*Benckini v. Upper Saucon Twp.*, 2008 WL 2050825, at *11 (E.D. Pa. May 13, 2008) (absolute immunity afforded to witnesses, including police officers, charged under § 1983 for alleged perjurious testimony at pretrial proceedings).

In addition, many of the unserved defendants are immune from suit. State Judges Streett and M. Jane Brady ("Judge Brady"), Delaware Supreme Court Chief Justice Leo Strine ("Chief

---

[6] The claim against Denn also fails as it is evident from the allegations that he is named as a defendant based upon his supervisory position. Similarly, the claims against unserved Defendants David Pierce ("Pierce") and former Delaware Governor Jack Markell ("Markell") are based upon their supervisory positions. *See Iqbal*, 556 U.S. at 676-77 (stating that claims based solely on theory of respondeat superior or supervisor liability are facially deficient).

7

Justice Strine"), and former United States District Judge Sue L. Robinson ("Judge Robinson")[7] have judicial immunity. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (judicial officer in performance of his or her duties has absolute immunity from suit and will not be liable for judicial acts). Similar to Denn and Layton, former deputy attorney general Morgan Zurn ("Zurn") has prosecutorial immunity. Further, it appears that Kevin Perna ("Perna"), like Irwin, has witness immunity.

Finally, Prothonotary Sharon Agnew ("Agnew") and judicial manager Ellen Davis ("Davis") appear be immune from suit. "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges-that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436, (1993) (citations omitted); *Tucker v. Doe*, 173 F. App'x 969 (3d Cir. Apr. 6, 2006). *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (clerk may not be entitled to absolute immunity in all cases, and holding that clerk was immune from liability for allegedly failing to properly manage court calendar).

Accordingly, the Court exercises its inherent power and *sua sponte* dismisses the foregoing claims as they are completely devoid of merit.

### D. State Actors

Public defender Brendan O'Neill ("O'Neill") and assistant public defender Ralph Wilkinson ("Wilkinson"), neither of whom are state actors, are named as defendants. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Accordingly, the

---

[7] Plaintiff has filed a motion to voluntarily dismiss the claims against Judge Robinson. (*See* D.I. 18)

§ 1983 claims against O'Neill and Wilkinson fail as a matter of law. The Court exercises its inherent power and *sua sponte* dismisses the claims as they are completely devoid of merit.

### E. Criminal Charges

Finally, to the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. Mar. 17, 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). The Court exercises its inherent power and *sua sponte* dismisses the claims as they are completely devoid of merit.

### F. Supplemental Jurisdiction

Because the complaint fails to state a federal claim, the court declines to exercise jurisdiction over Plaintiff's supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 17); (2) dismiss *sua sponte* all other claims as completely devoid of merit; and (3) deny as moot Plaintiff's motions (D.I. 18, 19, 22, 25, 26, 27, 28, 29, 30, 31, 33). The Court finds amendment futile.

An appropriate Order will be entered.