IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS E. NOBLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-353-LPS |
| | : | |
| STATE OF DELAWARE, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

1. **Introduction**. Plaintiff Thomas E. Noble ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff was not incarcerated when he commenced this action. He appears *pro se* and has paid the filing fee.[1] On November 7, 2017, the Court granted Defendants' motion to dismiss, exercised its inherent power, and *sua sponte* dismissed all other claims (and Defendants) as devoid of merit. (D.I. 35) The Court also declined to exercise supplemental jurisdiction over any State claims. (*Id.*) On November 16, 2017, Plaintiff filed a motion to remove and to transfer his State Criminal Case to this Court pursuant to pendent jurisdiction. (D.I. 38) On November 20, 2017, the Clerk of Court received and docketed Plaintiff's motion for reconsideration and for a stay. (D.I. 39)

2. **Motion to Remove and Transfer**. Plaintiff seeks to remove and transfer a criminal case against him pending in the Superior Court of the State of Delaware, Criminal Case ID No. 1710002645. (D.I. 38) Plaintiff asserts that he was illicitly reincarcerated on October 5, 2017, after Defendants colluded to evade service in the instant case. He also contends Defendants "illicitly and

---

[1] As noted by the United States Court of Appeals for the Third Circuit, Plaintiff "is a serial litigator. He has filed over five dozen lawsuits in federal district courts, including over 30 complaints in the United States District Court for the District of Delaware." *In re Noble*, 663 F. App'x 188, 189 (Oct. 6, 2016).

1

even criminally" deprived him of a venue for impartial judicial review at all levels of the State Courts. (*Id.*)

3. Even though the Court dismissed the complaint in this matter and declined to exercise supplemental jurisdiction, Plaintiff seeks removal of his criminal case. In order for a case to be removable to the district court, the court must have original jurisdiction due either to a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

4. Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 at 792 (quoting 28 U.S.C. § 1443(1)). Second, it must appear, in accordance with the provisions of

2

§ 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

5. The notice of removal does not satisfy these requirements. Plaintiff does not allege that the State court litigation involves issues of racial equality. In addition, the issues raised by Plaintiff are rights that are enforceable in state court. It is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20. Removal of the State criminal matter is not appropriate and, therefore, the Court will deny the motion. (D.I. 38)

6. **Motion for Reconsideration and for Stay of Order**. On November 20, 2017, the Court received Plaintiff's motion for reconsideration and to stay order. (D.I. 39) The motion was signed on November 16, 2017, and the Court considers it timely filed. Plaintiff states that he was required to file the motion without all of his documents. Nonetheless, Plaintiff argues that the November 7, 2017 memorandum opinion and order dismissing the action was "exceedingly erroneous" and did not uphold his constitutional rights. He claims that the undersigned Judge is biased, and that the Court's ruling was not impartial, did not address all his claims, and misapplied the laws.

7. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (internal citation omitted).

8. Plaintiff's motion for reconsideration fails on the merits because he has not set forth any intervening change in the controlling law, new evidence, or clear errors of law or fact made by

3

the Court in its November 7, 2017 memorandum opinion and order. *See Max's Seafood Café*, 176 F.3d at 677. The Court has once again considered the filings of the parties and the evidence of record. Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant reconsideration and, therefore, the motion will be denied. (D.I. 39)

9. **Conclusion**. The Court will deny the motion to remove and transfer the State criminal case as well as the motion for reconsideration and to stay. (D.I. 38, 38) An appropriate order will be entered.

January 5, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE