IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| THOMAS E. NOBLE, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-353-LPS |
| STATE OF DELAWARE, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

1. **Introduction.** Plaintiff Thomas E. Noble ("Plaintiff"), a former inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, now housed at FDC Philadelphia in Philadelphia, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff was not incarcerated when he commenced this action. He appears *pro se* and has paid the filing fee.[1] On November 7, 2017, the Court granted Defendants' motion to dismiss, exercised its inherent power, and *sua sponte* dismissed all other claims and Defendants as completely devoid of merit. (D.I. 35) The Court also declined to exercise supplemental jurisdiction over any State claims. (*Id.*) On November 16, 2017, Plaintiff filed a motion to remove and to transfer his State Criminal Case to this Court pursuant to pendent jurisdiction. (D.I. 38) On November 20, 2017, the Clerk of Court received and docketed Plaintiff's motion for reconsideration and for a stay. (D.I. 39) On January 5, 2018, the Court denied both motions. (D.I. 43) The same day, Plaintiff filed a second motion to remove State criminal case and transfer it. (D.I. 44) On January 11, 2018, the Court denied the

---

[1] As noted by the United States Court of Appeals for the Third Circuit, Plaintiff "is a serial litigator. He has filed over five dozen lawsuits in federal district courts, including over 30 complaints in the United States District Court for the District of Delaware." *In re Noble*, 663 F. App'x 188, 189 (3d Cir. Oct. 6, 2016).

1

motion as moot. (D.I. 44) On January 25, 2018, Plaintiff filed a motion for reconsideration of the January 11, 2018 Order. (D.I. 47)

2.  **Motion for Reconsideration.** Plaintiff moves to stay and for reconsideration for "impartial reconsideration" by a district court designated by the United States Supreme Court. (D.I. 47)

3.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

4.  Plaintiff's displeasure with this Court's ruling and claim of impartiality does not meet the requisites for reconsideration. Plaintiff's motion fails on the merits because he has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its January 11, 2018 order to would warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. In addition, the Court has once again considered the filings of the parties and the evidence of record. Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration and, therefore, the motion will be denied. (D.I. 47)

5.  **Conclusion.** The court will deny the motion for reconsideration and to stay. (D.I. 47) An appropriate order will be entered.

May 1, 2018
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

2