IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS E. NOBLE, :
:
        Plaintiff, :
:
v. : Civil Action No. 17-353-LPS
:
STATE OF DELAWARE, et al., :
:
        Defendants. :

**MEMORANDUM**

1. **Introduction.** Plaintiff Thomas E. Noble ("Plaintiff"), a former inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, now housed at FDC Philadelphia in Philadelphia, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff was not incarcerated when he commenced this action. He appears *pro se* and has paid the filing fee.

2. **Background.** On November 7, 2017, the Court granted Defendants' motion to dismiss, exercised its inherent power, and *sua sponte* dismissed all other claims and Defendants as completely devoid of merit. (D.I. 35) The Court also declined to exercise supplemental jurisdiction over any State claims. (*Id.*) On November 16, 2017, Plaintiff filed a motion to remove and to transfer his State Criminal Case to this Court pursuant to pendent jurisdiction. (D.I. 38) On November 20, 2017, the Clerk of Court received and docketed Plaintiff's motion for reconsideration and for a stay. (D.I. 39) On January 5, 2018, the Court denied both motions. (D.I. 43) The same day, Plaintiff filed a second motion to remove State criminal case and transfer it. (D.I. 44) On January 11, 2018, the Court denied the motion as moot. (D.I. 44) On January 25, 2018, Plaintiff filed a motion for reconsideration of the January 11, 2018 Order. (D.I. 47) On May 1, 2018, the Court denied the motion for reconsideration. (D.I. 49, 50)

3. **Motion to Stay, Vacate, and Enjoin.** Plaintiff contends that I cannot ethically adjudicate this case for the reasons "affirmed in [his] affidavit for transfer of venue in related case

1

Crim. No. 18-15, and also set forth in his other related cases. (D.I. 51) Plaintiff contends that only an impartial court designated by the Supreme Court, but not any court under the jurisdiction of the United States Court of Appeals for the Third Circuit, can ethically adjudicate this matter.

4. A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

5. Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." *Id.* at 555-56.

6. It is evident in reading Plaintiff's motion that he takes exception to this Court's rulings and this serves as his only basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do my rulings demonstrate the Court acting in such manner when ruling in the cases wherein

2

Plaintiff is a party. After careful and deliberate consideration, I have concluded that the Court has no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Plaintiff's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455.

7. Finally, Plaintiff provides no basis to vacate any orders entered in this case, the Court having previously denied Plaintiff's motions for reconsideration. Also, Plaintiff provides no reason to stay this case.

8. **Conclusion.** For the above reasons, the Court will deny Plaintiff's motion. (D.I. 51) An appropriate order will be entered.

May 29th, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE